UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SCOTT M. GENOVA,

                        Plaintiff,        **ORDER**

  -against-                                 13-cv-4088 (JMA)(SIL)

THE CITY OF GLEN COVE, CHIEF
WILLIAM WHITTON, DEPUTY CHIEF
ROBERT MACDONALD, SERGEANT
PATRICK HALL, SERGEANT JACK
MANCUSI, and LIEUTENANT JOHN
MANDATO,

                        Defendants.
------------------------------------------------------------x

**LOCKE, Magistrate Judge:**

Plaintiff Scott Genova ("Plaintiff") commenced this action against Defendants City of Glen Cove, Chief William Whitton, Deputy Chief Robert MacDonald, Sergeant Patrick Hall, Sergeant Jack Mancusi, and Lieutenant John Mandato (collectively, "Defendants"), alleging various causes of action for employment discrimination and retaliation. *See* Docket Entry ("DE") [1]. In a May 19, 2015 Order, the Court directed, among other things, that: (i) all written discovery, inclusive of expert discovery, be completed on or before June 19, 2015; and (ii) all outstanding depositions be completed on or before July 19, 2015. *See* DE [78]. Presently before the Court is Defendants' letter motion seeking an Order: (i) reopening discovery, and (ii) compelling Plaintiff to respond to Defendants' discovery demands. *See* Defs.' Ltr. Mot., DE [83], at 1. Plaintiff opposes Defendants' motion. *See* Pl. Ltr. in Opp'n, DE [84]. For the reasons set forth herein, Defendants' motion is granted.

1

## I. Background

By way of a Complaint dated July 18, 2013, Plaintiff commenced this action, alleging, among other things, causes of action arising under 42 U.S.C. § 1983 and the Family and Medical Leave Act, 29 U.S.C. § 2261 *et seq. See* DE [1]. According to Plaintiff, he resigned from his employment with the City of Glen Cove Police Department because he was improperly denied medical leave and was subjected to harassment and ridicule by Defendants. *See* Compl. ¶¶ 2-3. Relevant for purposes of the present motion, Plaintiff alleges that, following his resignation, Defendants refused to pay him compensation he was owed, thus causing him to amass $70,000 in credit card debt. *Id.* at ¶¶ 147-52.

In an October 9, 2013 Scheduling Order, Magistrate Judge William D. Wall established a September 2, 2014 deadline to complete discovery. *See* DE [15]. Thereafter, the deadlines contained in Judge Wall's Scheduling Order were extended on several occasions, both *sua sponte* and at the request of the parties. *See, e.g.*, DE [41], [52], [67]. Following lengthy motion practice on Plaintiff's successful motion for leave to file an Amended Complaint, and Defendants' unsuccessful motion to dismiss Plaintiff's Amended Complaint, Defendants filed their Answer to Plaintiff's Amended Complaint on July 9, 2014. *See* DE [43].

On December 19, 2014, Defendants served their First Request for Documents, in which they demanded, among other things, "credit card statements setting forth the charges [Plaintiff] incurred that are referenced in the complaint . . . ." *See* DE [68] at 2. According to Defendants, Plaintiff largely refused to turn over any relevant

2

discovery, and, on April 27, 2015, Defendants filed a motion to compel Plaintiff to respond to all outstanding discovery demands. *Id.* At a May 19, 2015 hearing on Defendants' motion to compel, the Court ordered, among other things, that Plaintiff provide a sampling of credit card statements supporting his claims of economic damages from April 2012 to April 2013. *See* DE [78]. The Court granted Defendants leave to renew their application for a larger time period in the event that the sampling of credit card statements revealed probative evidence. *Id.* The Court also extended the deadline to complete written discovery, inclusive of expert discovery, to June 19, 2015, and the deadline to conduct depositions to July 19, 2015. *Id.* A status conference was scheduled for July 30, 2015. *Id.*

On July 29, 2015, with Plaintiff's consent, Defendants requested that the July 30, 2015 status conference be adjourned without date because all outstanding discovery matters had been resolved. *See* DE [79]. According to Defendants, the deposition of Plaintiff's economic expert Dr. Steven Shapiro—whom Plaintiff retained to offer his opinion as to Plaintiff's past and future lost earnings—was initially scheduled for July 10, 2015, but had been adjourned to August 7, 2015 at Plaintiff's suggestion due to parade-related congestion near Plaintiff's counsel's office. *Id.* Defendants further explained that Plaintiff had produced a sampling of credit card statements as required by the Court's May 19, 2015 Order, and that Plaintiff had subpoenaed additional records from his credit card companies at Defendants' request. *Id.* Defendants wrote, "[u]pon receipt of the credit card statements, all issues between the parties will be resolved." *Id.*

3

At Dr. Shapiro's August 10, 2015 deposition,[1] Defendants inquired as to whether Dr. Shapiro had reviewed a July 2012 Social Security Disability ("SSD") award Plaintiff had received, and whether such an award would affect his estimate of Plaintiff's future lost earnings. *See* DE [82]. Dr. Shapiro testified that he was aware of the amount of Plaintiff's SSD award, but that he had not reviewed any documentation regarding the basis for the award. *Id.* Dr. Shapiro further testified that his damage calculations were premised on Plaintiff working full duty until he reached the age of retirement, and that the basis of Plaintiff's SSD award could potentially affect his assessment of Plaintiff's future lost earnings. *Id.* Accordingly, on August 11, 2015, Defendants demanded a release to obtain Plaintiff's SSD file. *Id.*

Thereafter, on August 14, 2015, Plaintiff disclosed the additional outstanding credit card statements obtained pursuant to subpoena referenced in Defendants' July 29, 2015 letter. *Id.* On August 21, 2015, Defendants requested the opportunity to depose Plaintiff or serve written interrogatories regarding the newly disclosed statements. *Id.*

On August 27, 2015, Plaintiff objected to Defendants' demand for discovery regarding Plaintiff's SSD award and further discovery regarding his credit card statements on the grounds that the discovery deadline had expired and Defendants' demands were therefore untimely. *Id.* On September 14, 2015, Defendants filed the instant motion seeking an Order: (i) reopening discovery, and (ii) compelling Plaintiff to respond to outstanding discovery regarding his SSD award and alleged credit card

---

[1] Dr. Shapiro's deposition was adjourned from August 7, 2015 to August 10, 2015 due to a scheduling conflict for Dr. Shapiro. *See* Defs.' Ltr. Mot. at 1.

4

related damages. *See* DE [82]. Plaintiff opposes Defendants' motion on the grounds that Defendants have failed to show the requisite good cause to warrant reopening discovery. *See* Pl. Ltr. in Opp'n at 2.

## II. Discussion

### A. <u>Legal Standard</u>

Where, as here, a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also Durakovic v. Bldg. Serv. 32B-J Pension Fund*, 642 F. Supp. 2d 146, 155 (E.D.N.Y. 2009) ("A party seeking to reopen discovery bears the burden of establishing good cause . . ."). Whether good cause to reopen discovery exists "depends on the diligence of the moving party." *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003). Other factors that courts consider in determining whether good cause exists to reopen discovery include:

> (1) the imminence of trial; (2) whether the request is opposed; (3) whether the moving party foresaw the need for additional discovery, in light of the discovery deadline set by the court; (4) prejudice to the non-moving party; and (5) whether further discovery is likely to lead to relevant evidence.

*Krawec v. Kiewit Constructors, Inc.*, No. 11 Civ. 123, 2013 WL 1104414, at *8 (S.D.N.Y. Mar. 1, 2013). The court has broad discretion in deciding whether good cause exists to amend the scheduling order and reopen discovery. *See Vilkhu v. City of New York*, No. 06-cv-2095, 2007 WL 2713340, at *6 (E.D.N.Y. Sept. 1, 2007) ("[T]rial courts are accorded broad discretion to manage the pre-trial phase of litigation."); *see also Lopez v. Ramos*, No. 11-cv-7790, 2013 WL 6912692, at *2 (E.D.N.Y. Dec. 30, 2013) ("A district court has broad discretion to direct and manage

the pre-trial discovery process.") (internal quotation omitted); *Krawec*, 2013 WL 1104414, at *8 ("The decision to re-open discovery is within a district court's discretion.").

## B. <u>Application</u>

Applying the standards set forth above, Defendants have established good cause to reopen discovery, limited to the topics of: (i) Plaintiff's alleged credit card related damages; and (ii) Plaintiff's SSD award and the affect thereof, if any, on Dr. Shapiro's assessment of Plaintiff's future lost earnings.

1. <u>Plaintiff's Alleged Credit Card Related Damages</u>

Defendants have established good cause to reopen discovery with respect to Plaintiff's alleged credit card related damages. According to Defendants, further discovery regarding Plaintiff's credit card statements and related damages is relevant for purposes of establishing Plaintiff's overall economic damages. *See* Defs.' Ltr. Mot. at 3. Defendants claim that they did not have the opportunity to seek this information prior to the conclusion of written discovery because Plaintiff did not disclose additional relevant credit card statements until August 14, 2015. *Id.* In opposition, Plaintiff does not dispute the relevance of the discovery Defendants seek, nor does Plaintiff allege that he will be prejudiced. Rather, Plaintiff argues that "Defendants offer no substantive reason why they could not have engaged in the discovery they now seek before the close of discovery." Pl. Ltr. in Opp'n at 3. Plaintiff's objection lacks merit.

Defendants initially demanded Plaintiff's credit card statements on December 19, 2014. *See* DE [68] at Ex. A. Following Plaintiff's refusal to provide relevant documentation and resolution of Defendants' motion to compel production thereof, Plaintiff did not ultimately provide a sampling of credit card statements until June 19, 2015—the date on which written discovery closed. *See* Defs.' Ltr. Mot. at 2. Although Plaintiff argues that he "timely served Defendants with documents pertaining to [Plaintiff's] credit damages," this Court's May 19, 2015 Order explicitly granted Defendants leave to renew their application for additional credit card statements in the event that the sampling contained probative evidence. *See* DE [78]. Because Plaintiff did not produce responsive documentation until the date on which written discovery closed, Defendants did not have adequate opportunity to seek the information presently at issue prior to the close of discovery. Therefore, good cause exists to reopen discovery and allow Defendants to inquire further about Plaintiff's alleged credit card related damages. *See Bakalar v. Vavra*, 851 F. Supp. 2d 489, 493 (S.D.N.Y. 2011) ("A significant consideration is whether there has already been adequate opportunity for discovery."); *see also Gross v. Long Island R.R.*, No. 94-cv-4927, 1996 WL 743350, at *1 (E.D.N.Y. Dec. 12, 1996) (holding that allowing for additional discovery is appropriate when the party seeking to reopen discovery presents a valid explanation for its failure to adhere to discovery deadlines).

Pursuant to Fed. R. Civ. P. 30, "unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours." Fed. R. Civ. P. 30(d)(1). However, "[t]he court *must allow* additional time consistent with Rule 26(b)(2) if needed for a

fair examination of the deponent." *Finkelstein v. Sec. Indus. Automation Corp.*, No. 05-cv-5195, 2006 WL 3065593, at *1 (E.D.N.Y. Oct. 27, 2006) (emphasis in original) (quoting Fed. R. Civ. P. 30(d)(2)). To the extent that Defendants require additional time to depose Plaintiff consistent with Fed. R. Civ. P. 30, having determined that good cause exists to reopen discovery with respect to Plaintiff's alleged credit card related damages, good cause also exists to allow for additional time to depose Plaintiff. *See Carmody v. Vill. of Rockville Ctr.*, No. 05-cv-4907, 2007 WL 2177064, at *2 (E.D.N.Y. July 27, 2007) ("[A] party seeking a court order to extend the time for examination or otherwise alter the limitations is expected to show good cause to justify such an order."). Nevertheless, in light of Plaintiff's contention that, "[t]he damages to [Plaintiff's] credit is a sub-component of his total economic damages claimed in this action," *see* Pl. Ltr. in Opp'n at 2, Plaintiff's continued deposition shall not exceed three hours in length and shall be limited to the issue of Plaintiff's alleged credit card related damages.

2. Plaintiff's Social Security Administration Records

Defendants have also established good cause to reopen discovery with respect to the basis for Plaintiff's SSD award. Although Dr. Shapiro's deposition was initially scheduled prior to the deadline to complete depositions, following two adjournments—neither of which Defendants requested—Dr. Shapiro was not deposed until August 10, 2015. *See* Defs.' Ltr. Mot. at 1. Had Dr. Shapiro's deposition proceeded as initially scheduled on July 10, 2015, Defendants presumably would have had the opportunity to seek further discovery regarding the basis of Plaintiff's SSD

8

award. Because Plaintiff retained Dr. Shapiro to provide an opinion as to Plaintiff's damages in the form of past and future lost earnings, evidence that would affect or influence his assessment is relevant. *See Thierot v. Jaspan Schlesinger Hoffman, LLP*, No. 07-cv-5315, 2010 WL 4038765, at *7 (E.D.N.Y. Sept. 30, 2010) (allowing defendants to "conduct a further deposition of an appropriate witness dedicated to Plaintiffs' damage calculation" after the close of discovery). Here, Dr. Shapiro himself acknowledged that the basis of Plaintiff's SSD award may affect his assessment of Plaintiff's future lost earnings. *See* Defs.' Ltr. Mot. at 2. Therefore, Defendants have established that good cause exists to reopen discovery for the limited purpose of obtaining Plaintiff's records from the Social Security Administration and inquiring how, if at all, Plaintiff's SSD award affects Dr. Shapiro's assessment of Plaintiff's future lost earnings.

## III. Conclusion

For the reasons set forth herein, Defendants' motion to reopen discovery and compel Plaintiff to respond to discovery is granted. Defendants' continued deposition of Plaintiff shall not exceed three hours and shall be limited to the issue of Plaintiff's alleged credit card related damages. Further, within seven days of the date of this Order, Plaintiff shall execute an authorization allowing Defendants to obtain records relating to his SSD award from the Social Security Administration. Thereafter, Defendants may depose Dr. Shapiro for up to two additional hours to inquire as to how, if at all, the basis of Plaintiff's SSD award affects Dr. Shapiro's assessment of

9

Plaintiff future lost earnings. A status conference has been scheduled for December 17, 2015 at 10:30 a.m. in Courtroom 820 of the Central Islip courthouse.

Dated: Central Islip, New York
October 19, 2015                              **SO ORDERED**

                                                   <u>s/ Steven I. Locke</u>
                                                   STEVEN I. LOCKE
                                                   United States Magistrate Judge